The next case is United States v. Harris. Good morning, Your Honors. My name is Paolo Camarena. I am the Court Appointed Counsel for the Apollon, Mr. Alonzo Harris. Yes. The government will not disagree with me that after the government arrested Mr. Harris and presented him to the district court, Mr. Harris had some troubles at the district court and he acted erratically. Mr. Harris retained and dismissed an attorney. He had several other attorneys appointed for him. He attempted to re-retain the dismissed attorney and then he had a fourth attorney appointed for him. Like any other conscientious attorney, this fourth attorney first traveled to the prison. He introduced himself to Mr. Harris and he tried to convince Mr. Harris. However, Mr. Harris acted erratically. He refused to even shake the fourth attorney's hand. He directed a tirade filled with four-letter words at this fourth attorney who he had just met. He directed the attorney to leave the prison and he returned to his prison cell without discussing the case with this attorney who was scheduled to try the case in just a couple of weeks. This fourth attorney responded very reasonably. He followed under seal a letter explaining his experiences to the district court and he stated that the court should order a psychiatric exam. The court held a competency hearing. The docket describes the hearing as being a competency hearing and Mr. Harris acted exactly as one might expect. He made unintelligible claims about the attorney general revoking the evidence and he insisted that he had a documentary evidence that the attorney general had quote revoked the evidence and then he laughed at the court while he's a prisoner in federal court. While Mr. Harris may have acted exactly how one might would expect, the court acted in an unexpected manner or I should say the court reacted in an unexpected manner and I say that because the district court seemed to meet Mr. Harris at Mr. Harris's own level. The district court at a hearing said to Mr. Harris, you can laugh all you want. This case is going to trial. He, meaning your fourth attorney, is your attorney and that's the way it's going to be. Contrary to the fourth appointed attorney's request, the district court did not order a psychiatric exam and the district court did not even make findings about Mr. Harris's competency. I would respectfully submit that the district court's reaction towards Mr. Harris was a completely normal human reaction when confronted with a belligerent fool like Mr. Harris. However, the Constitution and the relevant statute require more than a normal human reaction because the Constitution and the relevant statute require a due process. As you know, we district court has adequately looked into a defendant's competence and at the time that Mr. Van Heet entered this case, the district court had had numerous conferences. I think over ten with your client on the subject of his relationship with counsel, the trial date, his retention of counsel. The district court spent a considerable amount of time and over the course of those conferences, as I look at them, your client seemed to, you know, illustrate his understanding of the Speedy Trial Act, the difference between retained counsel and appointed counsel, his right to retain counsel of his choice, discovery obligations of the government. So what exactly, I mean, why is Mr. Van Heet had had much less exposure to the defendant at the time that this call was made by the district court? So I guess I'm having difficulty seeing the discretion. So help me out. Your Honor, the government, in its response, suggests that as long as the district court holds a competency hearing, essentially it has almost complete discretion in appointing a psychiatrist to evaluate the defendant. However, the case law, even though this case law gives us some guidance as to when a district court or when the trial court would find an abuse of discretion. In the case of United States v. Jackson, the Court of Appeals for the Sixth Circuit also confronted a case where the defendant acted erratically and the Court of Appeals stated, and I'm quoting, decisions construing section 4241, that's the relevant statute, hold that once the motion is made pursuant to it, unless the motion is frivolous or not made in good faith, the district court must appoint a psychiatrist to examine the accused. Was there a formal motion made in this case? Your Honor, I would submit that there was. Number one, the fourth attorney, Mr. Van Heet, submitted an under seal letter in my appendix, page one, and in that letter, the last paragraph, second line says that the court should order a psychiatric exam. The docket describes that hearing, the July 31st hearing, as a competency hearing. So I don't think that there really should be any dispute as to whether there was a formal request for a competency hearing because, let's assume for a moment that there wasn't a formal request, it's still the case that the court held a competency hearing. And I say that because the docket describes that as a competency hearing. So the district court's failure to even appoint a psychiatrist to examine Mr. Harris, contrary to appointed counsel's request, was exasperated by the Harris's competence. The government concedes that there are no specific findings of fact with respect to Mr. Harris's competency. However, the government suggests that that's of no matter because during the trial, the Mr. Harris was fully participating in the case. The government's position can't really be, can't be reconciled with this court's precedent on this matter. In this court, in the case of United States v. Owen, A-U-E-N, this is a case where the district court has a right to make a decision on one's purposes, procedural safeguards to be effective. The district court must necessarily exercise its discretion to make findings on the record concerning the defendant's competency where the facts presented to the court warrant such an inquiry. The appellant's position that the facts presented warranted such an inquiry. Otherwise, the district court would not have held a competency hearing. Nevertheless, the district court didn't make any findings. So this honorable court is at a disadvantage in reviewing the district court's reviewing, the district court's decision. In United States v. Owen, this court went on to hold, and I quote again, having found that the district court erred by not making findings concerning Mr. Owens, the defendant's competency to stand trial, it goes on to say the appropriate remedy here is to remand. I would submit to the court that because there was a formal request to which the district court didn't follow up on, and there was a formal competency hearing according to the district court docket, but no finding of the fact about Mr. Harris's competency, I would submit that just like in Owen, the appropriate remedy is to remand for appropriate determinations with appropriate findings. Thank you, Counselor. You've reserved three minutes of rebuttal time, and we'll hear from your adversary. Thank you. Thank you. May it please the court, Karina Schomberger for the United States. Mr. Harris's conviction should be affirmed. At no point below did the district court have a reasonable cause to believe that Mr. Harris had a mental disease or a And what's more, we have, in fact, a record that reflects that Mr. Harris was competent at trial. I would like to take a moment to clarify what exactly happened here or could have happened here. With respect to Judge Livingston's question, no, there wasn't a formal motion here made for a competency hearing, and in just a letter suggesting that Mr. Harris's fourth attorney had concerns about his mental state, and the court held a conference in response to that letter. And although my colleague for Mr. Harris says that the docket called that a competency hearing, just to note, there is a notice of hearing that refers to this as being a competency hearing. When it's actually held, it's referred to as a follow any of the formal structures that are contemplated by section 4247 D, which describes the procedures for having a competency hearing. Rather, this is an inquiry into the the letter that Mr. Van he submitted to the court and investigation of the one reason that Mr. Van he provided for why he was concerned about Mr. Harris's mental state, which was his refusal to meet with him, Mr. Harris's refusal to meet with Mr. Van he, and the court looked in to that and there was no abuse of discretion in concluding that that didn't establish any reasonable cause to believe that Mr. Harris had a mental disease or defect. And this fact that's raised by Mr. Van he really needs to be understood within the full context of the proceedings that happened before the district court. As again Judge Livingston referenced, there was numerous court appearances between in which Mr. Harris interacted with the district court for several months before Mr. Van he was appointed. And Mr. Harris had three attorneys who represented him, as well as one fourth attorney, Mr. Sullivan, who consulted with him for multiple hours. None of those attorneys raised any sort of question about Mr. Harris's competence. And Mr. Van he first raised this issue after one failed attempt to meet with Mr. Harris, so he had had virtually no interaction with Mr. Harris. Again, the only reason he had for even raising a concern was Mr. Harris's refusal to meet with him at the conference in response to that letter at the district court asked Mr. Harris directly about that. And the explanation he received was one that he had heard quite frequently in the proceedings, one that the court had heard rather frequently throughout the proceedings, which was that Mr. Harris wanted to retain a specific attorney in Rochester and was unable to do so and was frustrated about it. So his refusal to meet with Mr. Van he didn't reflect any sort of inability to assist in his defense, but rather an unwillingness to work with the attorney which wasn't the one that he wanted. And all of that aside, we couldn't find, there is no abuse of discretion in anything that the court decided, be it its decision not to hold a full competency hearing or to order a psychiatric exam, which just a footnote there is not something the court was required to do. It's something that the court may do under section 4241 if it determines that it's going to be hearing, again, keyed off of the reasonable cause, or it's the lack of findings of facts on the record about Mr. Harris's mental competence, again, because we never even reached the level of reasonable cause. But again, all of that aside, there can be no prejudice seen in this case because we have a full trial record. It shows that Mr. Harris did actively participate in his defense. He passed notes to his attorney, conferred with his attorney in the court's presence, made suggestions about questions for witnesses. There's nothing in the record that indicates that Mr. Harris manifested any sort of sign of mental disability at trial. All of his conduct seemed to be appropriate. And this court has before it the pre-sentence investigation report that also details Mr. Harris's mental health history, his criminal history, and his work history, none of which suggests that there's any sort of mental defect or disease that would render him incompetent to stand trial. And I'm happy to answer any questions that the panel might have. Or otherwise rest on your brief. Exactly. Thank you, Your Honor. Thank you. Your Honor, may I have my rebuttal? Yes, yes. Please proceed. There is a fine point here, Your Honor, that the government continues to refer to about whether the court actually held a competency hearing. I would point to the court, this honorable court, to the docket record. There are two docket entries, one on 727-18 and another one on 730-18. And both of those docket entries refer to a competency hearing being held. Those docket entries were entered by the district court staff, so it seems clear that the district court felt that he was having or that it would have a competency hearing. It's true that the transcripts that are prepared by the court reporter and sometimes months or years later refer to the hearing as a pretrial conference, but what should be dispositive is the entries in the docket that call it a competency hearing, which would establish that the court found that there was sufficient facts presented to it to warrant this inquiry. And of course there were sufficient facts. Mr. Van He, the fourth appointed attorney, advised the court that I went to meet this guy, he won't shake my hand, he's swearing at me after having just met him, he won't talk to me even though we have a trial. Mr. Van He ended up representing him at trial and the trial went ahead though and didn't Mr. Van He make statements on the record after the trial or during the trial that Mr. Harris was definitely participating fully, that he'd even adopted some of Mr. Harris's ideas and lines of questioning? That's true, Your Honor, and the government mentions this in their responsive brief. My reply would be that an attorney who was a layperson in terms of mental health, in the mental health field, their impressions cannot be dispositive on this issue. If that were the case, the statute would not contemplate the appointment of a mental health expert. The fact is that the same attorney stated in his view of his mental health point is that he was able to work with his client and present a defense. He was making suggestions, he was adopting some of them, not adopting others. His client had been to trial out in Arizona and had a subtle result, he mentioned that to the judge earlier on. So don't we look at just the attorney's comments in the context of whether Mr. Harris was able to assist in his own defense? We would, Your Honor, if we understood or if we knew what what those notes were. It could be that those notes were along the lines of what Mr. Harris said. If it's not in the record, then maybe that's... Yeah, exactly. It's not in the record because the district court didn't make findings of fact. Okay. So those notes could have been what Mr. Harris had alleged earlier, that the attorney general had quote revoked the evidence, whatever that means. But we don't know that because the district court, in my position, didn't follow through. Okay. So the court doesn't have any other questions for me. I'll rest on my brief because I see I'm out of time. Thank you. Thank you both and we will take the matter under advisement.